**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4242
_____

HECTOR MENENDEZ MORALES,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS
(Agency No. A070-885-433)
Immigration Judge: Hon. Henry S. Dogin
_____

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2016
_____

Before: FUENTES, SHWARTZ, and RESTREPO, Circuit Judges.

(Filed: August 15, 2016)
_____

OPINION*
_____

SHWARTZ, Circuit Judge.

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Hector Menendez Morales, a native and citizen of Guatemala, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings based on ineffective assistance of counsel and changed country conditions. Because the BIA acted within its discretion, we will deny the petition.

I

In 2001, Morales was served with a notice to appear ("NTA") charging him as removable for entering the United States without admission or parole. See 8 U.S.C. § 1182(a)(6)(A)(i). Morales sought asylum, withholding of removal, and cancellation of removal. Morales appeared with counsel, Yanira Zavala ("Attorney Zavala"), before the Immigration Judge ("IJ"), withdrew his applications for asylum and withholding of removal, and requested only cancellation of removal.[1]

The IJ found that Morales entered the United States in July 1992, as the NTA alleged and as indicated in his withdrawn asylum application, not in 1990, as Morales claimed at the hearing. On this basis, the IJ concluded that Morales had not been physically present in the United States for the preceding ten years, and was thus ineligible for cancellation of removal. See 8 U.S.C. § 1229b(b). The IJ ordered Morales removed

---

[1] Although the application for cancellation of removal does not appear in the Administrative Record, the BIA correctly found that the IJ considered and ruled on the application, and we can discern no prejudice to Morales from the application's absence from the Administrative Record.

2

but allowed him to depart voluntarily.

Morales appealed and on December 3, 2003, the BIA affirmed. However, Morales did not voluntarily depart the country, and in 2013 was apprehended by Immigration and Customs Enforcement ("ICE") agents. On May 23, 2014, Morales filed a motion to reopen, arguing: (1) Attorney Zavala was ineffective for advising him to withdraw his asylum and withholding of removal applications and solely seek cancellation of removal; and (2) conditions in Guatemala have deteriorated sufficiently to constitute changed country conditions.

In support of the motion, Morales presented an affidavit in which he stated that he retained Attorney Zavala "to represent [him] in Court" and claimed that, after he was ordered to depart, he "had her file [his] appeal." App. II 126. He also claimed that he never received a copy of the BIA order dismissing his appeal because Attorney Zavala "didn't write down [that] she was [his] attorney on the appeal, [and] so after [he] moved [he] never got the [BIA's] decision." App. II 127. Morales asserts that he was unaware his appeal had not been successful until ICE agents apprehended him.[2]

In an answer filed with the BIA, Attorney Zavala explained that she advised Morales to pursue cancellation of removal because he informed her that he had been physically present in the United States for the requisite ten years and she did not believe

---

[2] Prior to filing his motion to reopen, Morales also filed an ethics complaint against Attorney Zavala and notified her of his allegations of ineffectiveness, as required by Rranci v. Attorney General, 540 F.3d 165, 172 (3d Cir. 2008) and In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988).

that he would have succeeded on a claim for asylum or withholding of removal.[3]

Attorney Zavala also stated that Morales asked her to represent him in connection with his BIA appeal, but she believed the appeal to be meritless without proof of his date of entry. Because he nevertheless had a right to file an appeal, she agreed to "assist[] him with the appeal process without charge," with the understanding that she would not enter a notice of appearance on his behalf. App. II 15.

In further support of the motion to reopen, Morales presented a new application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). He asserted therein that he was "harassed" when he lived in Guatemala because his brother was a police officer, and that he feared persecution because of his perceived wealth, several of his friends had been murdered, and "[t]he government . . . arrests and holds people without reason due to corruption." App. II 147.

The BIA denied Morales' motion to reopen, holding that it was untimely, equitable tolling was not warranted because Morales failed to show that he exercised due diligence in pursuing his ineffectiveness claim, and Attorney Zavala's failure to inform him of the outcome of his appeal did not excuse the delay. The BIA also held that Morales failed to show prima facie eligibility for asylum, withholding of removal, or CAT relief, and thus reopening based on alleged changed country conditions was

---

[3] Morales had traveled to Guatemala in 2001 to attend his father's funeral, and this return visit, in Attorney Zavala's view, made a claim for asylum or withholding of removal "very difficult to persuasively litigate before an [IJ]." App. II 13.

unwarranted.[4]  Morales petitions for review.

## II

The BIA had jurisdiction to review Morales' motion to reopen under 8 C.F.R. § 1003.2(a).  We have jurisdiction under 8 U.S.C. § 1252(a).  We review the denial of a motion to reopen for abuse of discretion, "regardless of the underlying basis of the alien's request for relief."  Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011).  We give "broad deference" to the BIA's ultimate decision, Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (internal quotation marks omitted), which we will disturb only if it is "arbitrary, irrational, or contrary to law," Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006) (internal quotation marks omitted).  Where, as here, the BIA concludes that the petitioner has not established a prima facie case to reopen proceedings, we review the BIA's findings of fact under the substantial evidence standard.  Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).  Under this standard, we must uphold the BIA's factual findings "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001).

## III

A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened."  8

---

[4] The BIA separately declined to exercise its sua sponte authority to reopen Morales' case.  See 8 C.F.R. § 1003.2(a).  Because "the decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion," we lack jurisdiction to review it.  Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474 (3d Cir. 2003) (quotation marks and citation omitted).

C.F.R. § 1003.2(c)(2). Morales' motion to reopen, filed more than ten years after the BIA denied his appeal, is therefore time-barred. However, allegations of ineffective assistance of counsel or changed country conditions may enable an alien to overcome this procedural hurdle, and Morales asserts both here. We address each in turn.

A

Ineffective assistance of counsel can serve as a basis to equitably toll the limitations period for a motion to reopen, provided the alien raising such a claim exercised due diligence in pursuing it. See Mahmood v. Gonzales, 427 F.3d 248, 252-53 (3d Cir. 2005).

Substantial evidence supports the BIA's determination that Morales failed to exercise due diligence in pursuing his claim for ineffective assistance of counsel and thus equitable tolling is not warranted. As the BIA noted, Morales did not explain or present evidence of "what steps, if any, he took to learn the status of his appeal, either during its pendency or in the near decade thereafter," prior to his apprehension by ICE agents in 2013. App. I 16. Indeed, there is no indication he ever contacted the Office of the Clerk for the BIA or Attorney Zavala. As the BIA correctly concluded, this "period[] of unaccounted-for delay" reveals a lack of due diligence, and thus Morales is not entitled to equitable tolling.[5] Mahmood, 427 F.3d at 253; cf. Borges v. Gonzales, 402 F.3d 398,

---

[5] Because we conclude that the BIA did not abuse its discretion in finding that Morales failed to exercise due diligence in pursuing his ineffectiveness claim, we need not reach the merits of his claim. See Chedid v. Holder, 573 F.3d 33, 37 (1st Cir. 2009) ("[W]e could only reach the merits of [the petitioner's] ineffective assistance of counsel

6

402-03, 407 (3d Cir. 2005) (holding that alien exercised due diligence, and thus equitable tolling was warranted, where he repeatedly contacted counsel to ascertain the status of his immigration proceedings).

Morales relies on the relatively short period of time between his apprehension in 2013, when he claims to have learned that his appeal was unsuccessful, and the filing of his motion to reopen on May 23, 2014, as proof of due diligence. This argument is unavailing, as it does not account for the period between 2003 and 2013 during which Morales failed to inquire about the status of his appeal. To the extent Morales blames Attorney Zavala for failing to inform him of the denial of his appeal, this argument also fails. All relevant correspondence related to Morales' appeal, including the Notice of Appeal and certificate of service for Morales' appellate brief, bears his home address and signature and indicates that he was proceeding pro se. Indeed, the Notice of Appeal includes the term "pro se" in the space on the form labeled "mailing address of attorney or representative," is signed by Morales, and indicates that Morales, rather than counsel, mailed the form to the BIA Clerk's Office. App. II 46. Moreover, Morales admits that he did not receive notice of the BIA decision, which was mailed to his home address, because he moved, and does not dispute that he failed to file a change of address form as contemplated by the regulations in effect at the time. See 8 C.F.R. § 3.38(e) (2001). Under these circumstances, we cannot say that the BIA abused its discretion in declining

claim if the [BIA] abused its discretion in finding that he had not exercised the 'due diligence' required by our case law.").

7

to attribute Morales' alleged lack of knowledge of the status of his appeal to Attorney Zavala and concluding his motion to reopen based on ineffective assistance of counsel is time-barred.

B

Morales is also not entitled to relief from the 90-day time limit for filing a motion to reopen based on changed country conditions. The 90-day deadline does not apply where the alien "presents material evidence of changed country conditions that could not have been presented during the hearing before the IJ." Shardar v. Att'y Gen., 503 F.3d 308, 313 (3d Cir. 2007); see 8 C.F.R. § 1003.2(c)(3)(ii). Importantly, an alien seeking to reopen his case on this basis must demonstrate both changed country conditions and prima facie eligibility for the relief sought. See Guo v. Ashcroft, 386 F.3d 556, 563 (3d Cir. 2004). To satisfy this eligibility standard, the alien must "produce objective evidence showing a reasonable likelihood that he can establish that he is entitled to relief." Id. (citation, alterations, and internal quotation marks omitted).

Substantial evidence supports the BIA's conclusion that Morales failed to demonstrate prima facie eligibility for asylum, withholding of removal, or CAT relief because he provided little information regarding the murders of his friends, failed to explain how they were similarly situated to him, offered no evidence for why he might be subject to indefinite detention by allegedly corrupt Guatemalan government officials, and

8

provides no explanation as to why he in particular is likely to be targeted.[6] The BIA also correctly observed that, to the extent Morales fears that he and his family could be harmed by gang members and other criminal elements in Guatemala, such a generalized fear, without more, does not support a claim for asylum or withholding of removal, see Abdille, 242 F.3d at 494-95 (holding that "ordinary criminal activity" and "generalized lawlessness and violence" does not rise to the level or persecution to establish eligibility for asylum) (citation omitted), and does not suggest that he will suffer torture with the consent or acquiescence of government officials, as required for CAT relief, see 8 C.F.R. §§ 1208.16(c), 1208.17(a), 1208.18(a). Accordingly, the BIA did not abuse its discretion in concluding that Morales failed to demonstrate prima facie eligibility for relief and declining to reopen Morales' case on the basis of changed country conditions.

IV

---

[6] The BIA did not specifically address Morales' claim that he was "harassed" in Guatemala prior to his leaving for the United States because his brother was a police officer. App. II 147. To the extent Morales cites this as evidence of past persecution in support of a claim for asylum or withholding of removal, it is plainly insufficient. See Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007) (observing that "[p]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive," and "harassment, while always deplorable, may not rise to the level of persecution") (citation and internal quotation marks omitted).

The BIA also did not address Morales' argument that he may be subject to persecution due to his perceived wealth. Notably, Morales submitted no evidence indicating that repatriated Guatemalans, as compared to Guatemalan citizens generally, are particularly susceptible to violence for this or any other reason. In any event, it is not clear that such persons would constitute a protected class for asylum purposes, see Ucelo-Gomez v. Mukasey, 509 F.3d 70, 72-73 (2d Cir. 2007) (affirming the BIA's determination that status as "affluent Guatemalans" allegedly targeted because of their wealth was not a "particular social group"), or that any harm that they may face would be with the consent or acquiescence of government officials, as required for CAT relief.

9

For the foregoing reasons, we will deny Morales' petition for review.